THE MISSOURI COAL AND OIL COMPANY, Respondent, *v.* THE HANNIBAL AND ST. JOSEPH RAILROAD COMPANY, Appellant.

*Practice—Instructions—Issues.*—An instruction, that all allegations in the petition not specifically denied in the answer, are to be taken as true, is erroneous ; the issues should be specifically stated.

*Railroad—Carriers—Evidence.*—Where goods are claimed to have been delivered to an agent, at a distance from the line of a railroad, to be carried to the road and thence transported on its line, the authority of the person thus purporting to act as agent, to bind the corporation, must be shown.

*Appeal from St. Louis Law Commissioner's Court.*

*L. Eaton,* for respondent.

*S. N. Holliday,* for appellant.

Mo. Coal & Oil Co. v. Han. & St. Jo. RR. Co.

BATES, Judge, delivered the opinion of the court.

The petition states that both parties are corporations; that the plaintiff delivered to defendant, who was a common carrier, a barrel of coal oil, which defendant, for a valuable consideration, agreed to transport from St. Louis, in the State of Missouri, to Lawrence, in Kansas Territory, and to deliver the same to Prentiss & Griswold, in said Lawrence; and that defendant failed to deliver the same according to said agreement. The answer denied that the oil was delivered to the defendant, and also denied any indebtedness to the plaintiff; thus the only issue was as to the delivery of the oil to the defendant. It appeared in evidence that the oil was shipped on the steamboat "Aunt Letty," at St. Louis; but the authority of the steamboat to receive the same for the defendant does not appear, otherwise than that some testimony was given that one John Bowen, "freight agent" of the defendant, promised the plaintiff to pay for the lost oil when he should get some money from the steamboat "Aunt Letty;" and Bowen testified that he told the plaintiff that the "Aunt Letty" was to pay it, and not the defendant; and that he promised to collect the money from the "Aunt Letty" as a favor to the plaintiff, and in no other manner. There was verdict and judgment for the plaintiff.

The first instruction given for the plaintiff was as follows: "All the allegations in the petition which are not denied specifically in the answer, are to be taken as true." This instruction is manifestly wrong, because it is a general declaration of the law, without reference to the particular issue made in this case.

The respondent contends that no injury was done by it to the appellant, because of two other instructions given to the jury, which, it is insisted, made it clear to the jury what was the real issue; they are as follows: " 4. It is admitted by the pleadings that defendant failed to deliver the barrel

of coal oil, if it ever received the same from plaintiff, and defendant denies ever having received it;" and " 2. If the jury believe the barrel of coal oil was delivered by the plaintiff to the defendant, or defendant's agent, or to the 'Aunt Letty,' in the employ of the defendant, and that the same was worth the sum charged in the petition, they will find for the plaintiff."

These two instructions scarcely cure the evil of the first, and the last one above copied, number 2, contains another fatal error, in that it authorizes a recovery, if the oil was delivered " to the Aunt Letty, in the employ of defendant ;" thus assuming that the "Aunt Letty" was in the employ of the defendant, and assuming that the employment of the "Aunt Letty" by the defendant was of such character as to enable it to contract for and bind the defendant. The defendant is a corporation, created by an act of the General Assembly of the State of Missouri, with defined powers, the general power being to construct a railroad from St. Joseph, in Buchanan county, to Palmyra, in Marion county, and thence to Hannibal, in Marion county ; and to transport upon the railroad persons and property for tolls and freight. St. Louis, in the State of Missouri, and Lawrence, in Kansas Territory, can scarcely be supposed to be situated upon this railroad ; and a delivery of property to the defendant at St. Louis, to be transported to Lawrence, appears to be a transaction so distinct from the general object of the incorporation as to require direct proof of the specific contract, if it could be made at all. Corporations have not all the powers of natural persons, and they can only act within the limits which their charters prescribe.

Judgment reversed and cause remanded. Judges Bay and Dryden concur.